UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| YAKOV DRABOVSKIY | : | DOCKET NO. 09-397 |
| | | SECTION P |
| VS. | : | JUDGE MINALDI |
| WARDEN YOUNG | : | MAGISTRATE JUDGE KAY |

**ORDER**

On March 9, 2009, Yakov Drabovskiy filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Doc. 1. In his complaint plaintiff alleged he was confined at the Federal Detention Center in Oakdale, Louisiana "in the custody of Immigration & Naturalization Service." Made defendant was Warden Young, the warden of the Oakdale facility. The petition alleges that petitioner is entitled to be released from custody for the following reasons:

(1) Continuation of his detention is violative of his rights of due process;
(2) His removal from the United States is not reasonably foreseeable;
(3) He is not a danger to the community nor a risk of flight;
(4) He wants to leave the United States but his efforts are being thwarted by the Department of Homeland Security; and
(5) "Double jeopardy is prohibited by Amendment V of the USA constitution."

Doc. 1, pp. 5-6.

Petitioner attaches to his complaint a "Memorandum of Law in Support" and cites numerous statutes, federal regulations, and jurisprudence, including *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 653 (2001), which created a rebuttable presumption that detention is unreasonable beyond a six month period if the alien can show there is no significant

1

likelihood of removal in the foreseeable future.

On July 14, 2009, petitioner was indicted by a federal grand jury sitting in the Western District of Louisiana and charged with 20 counts of failure to depart under 8 U.S.C. § 1253(a)(1)(B). *USA v. Drabovskiy*, No. 09-cr-0146. At the Initial Appearance for the criminal matter petitioner was remanded to the custody of the United States Marshal pending detention hearing scheduled for August 13, 2009. *Id.* at doc. 12. After hearing petitioner was committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. *Id.* at doc. 17. At the time of this writing, petitioner is not in the custody of Warden Young or Immigration and Customs Enforcement at the Federal Detention Center in Oakdale but rather is being housed in the Calcasieu Correctional Center, Lake Charles, Louisiana, in the custody of the United States Marshal pending trial on the criminal indictment.

On September 16, 2009, defendant filed a motion to dismiss, or alternatively to stay this proceeding in abeyance until the criminal case against petitioner concludes. Doc. 47.

Under 28 U.S.C. § 2241, a federal court can only issue a writ of habeas corpus where the petitioner is "is in custody in violation of the Constitution or laws or treaties of the United States[.]" Furthermore, "prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them." *Zolicoffer v. United States Dept. of Justice*, 315 F.3d 538 (5th Cir. 2003). Here, since petitioner is now under the custody of the U.S. Marshal for a separate, albeit related, criminal matter, petitioner cannot at this time show that his custody is illegal.

These circumstances do not warrant a dismissal of plaintiff's complaint under FED. R. CIV. P. 12(b)(1) or 12(b)(6) as suggested by the defendant. Petitioner's complaint states a cause of action and this court is not deprived of jurisdiction as a result of this temporary transfer of the

petitioner's custody. Nothing cited by the defendant in its memorandum suggests otherwise.

This court does find, however, that hearing in this proceeding at this juncture would be futile and, in fact, potentially prejudicial to the petitioner's Fifth Amendment right to remain silent throughout the criminal proceeding pending against him. Part and parcel of the consideration of this court in this proceeding is the extent to which petitioner may have intentionally thwarted the efforts of Immigration and Customs Enforcement to have him deported. *Zadvydas* relief, such as that requested by petitioner here, is not available when an alien fails to make a good faith effort to obtain a travel document. *Pelich v. INS*, 329 F.3d 1057 (9th Cir. 2003) (Detainee could not "convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock."). The facts upon which the defendant here will rely to defend itself in this action are the same facts that the Government intends to prove at petitioner's criminal trial. Judicial resources and the potential for unintentional waiver of Fifth Amendment privileges in this proceeding suggest that the criminal trial should be held first.

For the foregoing reasons, this court concludes that defendant's motion be GRANTED in part and DENIED in part and, accordingly

IT IS ORDERED that this proceeding be and the same is hereby STAYED until such time as the criminal case pending against petitioner is concluded. IT IS FURTHER ORDERED that defendant's motion to dismiss under FED. R. CIV. P. 12(b)(1) and 12(b)(6) be DENIED. The hearing scheduled for September 23, 2009, is UPSET to be refixed once the stay ordered herein has been lifted..

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on September 23, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE