RECEIVED
IN LAKE CHARLES, LA.

NOV 18 2009

TONY R. MOORE, CLERK
BY_____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| YAKOV DRABOVSKIY | : | DOCKET NO. 2:09 CV 397 |
| VS. | : | JUDGE MINALDI |
| WARDEN YOUNG | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is a "Motion to Proceed as Scheduled," which has been construed as an Appeal of the Magistrate Judge's Decision [docs. 52 &53] staying the petitioner's *habeas* case. The Government filed a response [doc. 55].

Procedural History

On March 9, 2009, Yakov Drabovskiy filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. 1]. In his complaint plaintiff alleged he was confined at the Federal Detention Center in Oakdale, Louisiana "in the custody of Immigration & Naturalization Service." Made defendant was Warden Young, the warden of the Oakdale facility.

The petitioner attached to his complaint a "Memorandum of Law in Support" in which he cited numerous statutes, federal regulations, and jurisprudence, including *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 653 (2001), which created a rebuttable presumption that detention is unreasonable beyond a six month period if the alien can show there is no significant likelihood of removal in the foreseeable future.

On July 14, 2009, the petitioner was indicted by a federal grand jury sitting in the Western

District of Louisiana and charged with 20 counts of failure to depart under 8 U.S.C. § 1253(a)(1)(B). *USA v. Drabovskiy*, No. 09-cr-0146. At the Initial Appearance for the criminal matter petitioner was remanded to the custody of the United States Marshal pending detention hearing scheduled for August 13, 2009 [doc. 12]. After the hearing the petitioner was committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility [ doc. 17][1]. On September 16, 2009, the defendant filed a motion to dismiss, or alternatively to stay this proceeding until the criminal case against petitioner concludes [doc. 47]. The motion to stay was granted by the Magistrate Judge [doc. 51] on September 23, 2009. It is this decision that is currently being appealed to the district court [docs. 52 & 53].

## Standard of Review

An order denying a motion to dismiss and, in the alternative granting a motion to stay, is nondispositive.[2] The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.[3] The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[4]

---

[1] Cacasieu Correctional Center in this case.

[2] *Sims v. First Horizon Nat. Corp.*, 2009 WL 1789090, 3(W.D.Tenn.,2009); *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir.2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1)(A).

[3] *Reko v. Creative Promotions, Inc.*, 70 F.Supp.2d 1005, 1007 (D.Minn.1999).

[4] *Fair Isaac Corp. v. Experian Information Solutions Inc.*, 2009 WL 161247, 1(D.Minn.,2009); *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir.1996).

Law

The petitioner raises several arguments:

1) The *habeas* should be decided in a matter of days and it should not be delayed;

2) The petitioner was transferred from Oakdale over his objection and he wants to be transferred back to Oakdale;

3) The petitioner asserts that if he wins in the criminal trial, he will be released immediately;

4) The petitioner's transfer to Calcasieu Parish violates "FRAP 23, due process, equal access to the court, and the law."[5]

The petitioner argues that the Government has caused the delay in this case and that he is being prejudiced by his continued detention, the origination of the criminal case, loss of income and "loss of real life."[6] The petitioner moves that the court in effect overturn the stay and proceed with the *habeas* or alternatively, to grant a default.

The Magistrate's stay is contingent on the outcome of *United States v. Drabovskiy* (2:09-1466). Under the circumstances presented in this case, it is clear litigation in *United States v. Drabovskiy* is continuing and that Drabovskiy has filed voluminous and varied pleadings which have contributed to any delay in the disposition of that case.

The criminal case charges Drabovskiy with twenty counts of failure to depart under 8 U.S.C §1253(A)(1)(b). Drabovskiy was arraigned and is being held by the United States Marshal in the criminal case. Under 28 U.S.C. § 2241, a federal court can only issue a writ of habeas corpus when the petitioner is "is in custody in violation of the Constitution or laws or treaties of the United States[.]" Furthermore, "prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply

---

[5] P. 2 of Motion to Proceed.

[6] P. 2 of Motion to Proceed. The petitioner cites no law in support of these arguments.

because the INS has lodged a detainer against them." *Zolicoffer v. United States Dept. of Justice*, 315 F.3d 538 (5th Cir. 2003). Here, as noted by the Magistrate Judge, since the petitioner is now under the custody of the U.S. Marshal for a separate, albeit related, criminal matter, he cannot at this time show that his custody is illegal.

Under the facts of this case, considering the pending criminal indictment, the government is not guilty of causing any of the inordinate delay as asserted by Drabovskiy. *See Johnson v. Rogers*, 917 F.2d 1283, 1283-85 (10th Cir.1990) (granting mandamus and holding federal district court's fourteen-month delay in rendering a decision on a § 2241 petition was impermissible under the circumstances presented.) While writs of habeas corpus are intended to afford a swift and imperative remedy in all cases of illegal restraint or confinement, in this case the procedural facts persuade the undersigned that the Magistrate Judge did not err in staying Drabovskiy's § 2241 petition pending the outcome in *United States v. Drabovskiy*. The resolution of the criminal case will affect or resolve issues connected with the petition on appeal here. Accordingly, the court finds that the Magistrate Judge's order staying this *habeas* case is not clearly erroneous or contrary to law and that order IS AFFIRMED.

Lake Charles, Louisiana, this __2__ day of November, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE